VÍCTOR QUINTERO PÉREZ, Petitioner, *v.* INDUSTRIAL COMMISSION OF PUERTO RICO, Respondent; DEPARTMENT OF THE INTERIOR, Employer.

No. 378. Argued December 3, 1947.—Decided December 23, 1947.

*Víctor M. Bosch* for petitioner. *Angel de Jesús Matos,* M. Maldonado Pacheco, and *Aída Casañas Marengo* for the Manager of the State Insurance Fund.

MR. JUSTICE SNYDER delivered the opinion of the Court.

The petitioner, while working as a painter, contracted a severe case of lead poisoning when he opened a can of paint. He was submitted to a long course of treatment by the Manager of the State Fund and then discharged as cured without any disability. The petitioner contended he had incurred a partial permanent disability and appealed to the Industrial Commission. We granted his petition for review of the decision of the Commission overruling his claim.

■■ There is no doubt that the petitioner contracted an occupational disease as a result of his employment. And the Commission found that as a result he is now incapacitated from working with lead paint. It also found, however, on the basis of medical testimony, that he could engage in any other work or remunerative occupation, including apparently working with any paint not containing lead. In overruling

the motion for reconsideration, the Commission said the following:

"We have examined Section 3 of Act No. 45 of April 18, 1935, as amended by Act No. 284 of May 15, 1945, on partial permanent disability, and we do not find in the Table of Compensation contemplated by the statute, any permanent partial disability that is similar to that attributed to this workman because he ought not come in contact with paint containing lead, the workman being physically qualified to engage in any other type of work or remunerative occupations.

"In our order we said that, although we are in sympathy with the theory of the attorney for the workman, we can not override the law, as the Legislature is the only body which can amend the statute to provide some remedy for these cases."

The petitioner relies on the language found in § 3, paragraph 4, reading as follows: "*Provided,* That in those cases where the permanent partial disability can not be properly fixed in accordance with the Table of Compensation inserted above, the same shall be graded according to the general physiological functions of the workman or employee, and the compensation shall be calculated on the basis of three hundred and forty (340) weeks as a maximum and shall not exceed three thousand (3,000) dollars."

However, in that language the Legislature did not intend to open the door to permit the Commission to find that any other type of permanent partial disability not already described in § 3 could nevertheless be classified as such. Its only purpose was to give the Commission some leeway in applying the rigid Table of Compensation contained in § 3.

A man who has spent a life as a painter and can no longer work with lead paint will undoubtedly find that his earning power has decreased. But, unfortunately, the Legislature in § 3 has not provided for this peculiar type of permanent partial disability which exists only when the workman attempts to engage in a particular occupation. We are therefore constrained to agree with the Commission.

The order of the Industrial Commission will be affirmed.